UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN CHARLES DIEMOND,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

Case No. 1:20-cv-473

Hon. Hala Y. Jarbou

## **ORDER**

Plaintiff Ryan Charles Diemond, a prisoner in the custody of the Michigan Department of Corrections (MDOC), brings a *pro se* civil rights action against the MDOC.[1] Diemond asserts claims under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*, section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964(c). (Compl., ECF No. 1.)

The MDOC moved for summary judgment, asserting that Diemond had failed to exhaust the grievance process for his claims. (ECF No. 22.) The matter was referred to a magistrate judge. Diemond responded in opposition (ECF No. 43) and later requested a hearing to respond to the MDOC's motion because he "suffer[s] recorded communications disabilities which, in combination with the lack of help, [prevents him] from explaining these things in writing" (ECF No. 45). The magistrate judge denied Diemond's request for a hearing (ECF No. 46) and produced a Report and Recommendation (R&R, ECF No. 47) recommending the Court grant the MDOC's motion for summary judgment.

---

[1] Diemond sued other parties, but the MDOC is the sole remaining Defendant at this stage.

Diemond filed a motion entitled "Motion for Reconsideration," (ECF No. 48), but the filing seeks reversal of the magistrate judge's order denying a hearing and objects to the R&R. Therefore, the Court will treat Diemond's filing as an appeal from the magistrate judge's order and as his objections to the R&R. Upon review, the Court affirms the magistrate judge's order, denies Diemond's objections, and adopts the R&R.

## I. Standards

### A. Appeals

A pretrial order by a magistrate judge is subject to reversal by the Court where the order was "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adams Cnty. Reg'l Water Dist. v. Vill. of Manchester, Ohio*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). The order in question is reviewed for abuse of discretion. *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993).

### B. Objections to R&Rs

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct *de novo* review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

## II. Analysis

### A. Order Denying Hearing

As an initial matter, it is not clear that the magistrate judge's denial of Diemond's request for a hearing is subject to appeal. Under the local rules, "[i]n its discretion, the court may schedule oral argument or may dispose of the motion without argument." W.D. Mich. LCivR 7.2(d). Fundamentally, Diemond's motion for a hearing was a request for oral argument on the MDOC's motion for summary judgment. The MDOC's motion was premised on Diemond's purported failure to exhaust administrative remedies. As the magistrate judge noted, "[e]xhaustion is determined based on the administrative record." (ECF No. 46, PageID.219.) In denying Diemond's request, the magistrate judge found that "[b]oth parties have developed the record and submitted arguments," rendering oral argument unnecessary. (*Id.*)

The Court does not discern any error or abuse of discretion in the magistrate judge's decision to dispense with oral argument. Likewise, Diemond does not explain how he would be able to demonstrate exhaustion at oral argument, nor does he explain why he would be unable to demonstrate exhaustion in the record through his written opposition to the MDOC's motion for summary judgment. Diemond's appeal will be denied.

### B. Objections to the R&R

Much of Diemond's filing focuses on alleged misconduct by the magistrate judge and why the Court should reverse the order denying a hearing. But Diemond also makes a few objections to the R&R and asks the Court to deny summary judgment.

The main thrust of Diemond's complaint is that it is too difficult for him to file grievances and lawsuits because "he suffers from Attention Deficit Hyperactivity Disorder (ADHD), carpal tunnel syndrome and tendon damage with scarring in his right hand and wrist, and complex regional pain syndrome (CRPS) in his right hand and wrist." (R&R, PageID.222 (citation and

internal quotation marks omitted).) He requested accommodations to address these issues, but those requests were denied.

The R&R concluded that Diemond failed to exhaust his claims and was unconvinced by Diemond's contention that exhaustion was impossible because it was too physically painful to handwrite grievances. The R&R determined that Diemond had filed "at least 56 grievances since 2014," and thus found that Diemond is capable of filing grievances and should not be relieved of that requirement in this case.

Rather than responding to the R&R's finding, Diemond simply reiterates his argument that writing grievances is too painful. (*See* Pl.'s Objs. to R&R, PageID.232.) He also points to a completely exhausted grievance from 2013 where he requested, but did not receive, reasonable accommodations for help in drafting legal documents. (*Id.*, PageID.232-233 (citing 2013 Grievance, ECF No. 48-1).) But that grievance focused exclusively on issues relating to Diemond's ADHD and made no mention of wrist pain preventing him from writing. Moreover, Diemond did not make such an argument in opposing the motion for summary judgment. "[A]bsent compelling reasons," a party may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). In short, Diemond's objections will be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's appeal (ECF No. 48) of the magistrate judge's order denying oral argument (ECF No. 46) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's objections to the R&R (ECF No. 48) are **DENIED**.

internal quotation marks omitted).) He requested accommodations to address these issues, but those requests were denied.

The R&R concluded that Diemond failed to exhaust his claims and was unconvinced by Diemond's contention that exhaustion was impossible because it was too physically painful to handwrite grievances. The R&R determined that Diemond had filed "at least 56 grievances since 2014," and thus found that Diemond is capable of filing grievances and should not be relieved of that requirement in this case.

Rather than responding to the R&R's finding, Diemond simply reiterates his argument that writing grievances is too painful. (*See* Pl.'s Objs. to R&R, PageID.232.) He also points to a completely exhausted grievance from 2013 where he requested, but did not receive, reasonable accommodations for help in drafting legal documents. (*Id.*, PageID.232-233 (citing 2013 Grievance, ECF No. 48-1).) But that grievance focused exclusively on issues relating to Diemond's ADHD and made no mention of wrist pain preventing him from writing. Moreover, Diemond did not make such an argument in opposing the motion for summary judgment. "[A]bsent compelling reasons," a party may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). In short, Diemond's objections will be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's appeal (ECF No. 48) of the magistrate judge's order denying oral argument (ECF No. 46) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's objections to the R&R (ECF No. 48) are **DENIED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 47) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 22) is **GRANTED**.

A judgment will enter consistent with this order.

Dated: June 24, 2021 /s/ Hala Y. Jarbou
HALA Y. JARBOU
UNITED STATES DISTRICT JUDGE